CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 05 2013

JULIA C. DUDLEY, CLERK
BY: /s/ Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEANETTE LOUELLA McGLOTHIN, ) | |
| ) | Civil Action No. 7:12CV00506 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Jeanette McGlothin, was born on July 9, 1969, and eventually completed her high school education. Ms. McGlothin also earned some college credit. She has received vocational training in computer repair. Plaintiff has worked primarily as a computer clerk and clerical assistant. She last worked on a regular and sustained basis in 2003. On November 10, 2005, Ms. McGlothin filed applications for disability insurance benefits and supplemental security income benefits. Earlier applications for such benefits had proven unsuccessful. In filing her more recent applications, plaintiff

alleged that she became disabled for all forms of substantial gainful employment on January 20, 2003, due to musculoskeletal problems in her legs and hips, obesity, psychological difficulties, anxiety, and pain. She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. McGlothin met the insured status requirements of the Act through the fourth quarter of 2007, but not thereafter. See generally 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2007. See generally 42 U.S.C. § 423(a).

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received review by an Administrative Law Judge. Indeed, plaintiff's applications have resulted in three separate administrative hearings and decisions. On the first two occasions, her claims were denied by different Administrative Law Judges. However, on both occasions, the Social Security Administration's Appeals Council remanded the case for additional fact-finding and review. The third Administrative Law Judge rendered a decision on January 6, 2011. The Law Judge found that Ms. McGlothin experiences severe impairments on the bases of degenerative joint disease; history of migraine headaches; bilateral hip pain secondary to mild degenerative changes, morbid obesity, personality disorder; anxiety disorder; and post-traumatic stress disorder. Because of these impairments, the Law Judge ruled that plaintiff is disabled for her past relevant work activity. However, the Law Judge found that Ms. McGlothin retains sufficient functional capacity for a limited range of sedentary work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, this Administrative Law Judge, finds that the claimant has the residual functional capacity to: lift and/or carry 20 pounds occasionally and 10 pounds frequently; push/pull with the lower extremities same as the lift/carry amount; sit for 6 hours out of an 8 hour workday; stand and/or walk for 2 hours out of an 8 hour workday; and occasionally climb ramps/stairs, balance, kneel, crawl, and stoop. However, the claimant can never work around hazardous machinery, work at unprotected heights, climb ladders/ropes/scaffolds, work on vibrating surfaces, or work in an environment with excessively loud, background noises. Finally, the claimant is limited to simple, routine, repetitive, and unskilled tasks that involve only occasional interactions with the general public and do not involve continuous production type activities.

(TR 18). Given such a residual functional capacity, and after considering Ms. McGlothin's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that plaintiff retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge concluded that Ms. McGlothin is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). On this occasion, the Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having finally exhausted all available administrative remedies, Ms. McGlothin has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the

3

claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Without question, Ms. McGlothin suffers from a variety of physical problems. In addition to the diagnoses listed by the Administrative Law Judge, several doctors have suggested fibromyalgia as a possible explanation for plaintiff's complaints of chronic pain in her back, shoulders, hips, and knees. The medical record also contains notations of possible Asperger's syndrome. While there is some conflict in the medical record as to the severity of plaintiff's physical impairments, the court believes that the Commissioner might reasonably rely on a relatively recent consultative report in concluding that Ms. McGlothin's physical condition does not prevent performance of sedentary levels of work activity in which she is permitted to change positions as needed. Plaintiff's depression, anxiety, personality disorder, and post-traumatic stress disorder present a somewhat closer question. However, based on the reports of the medical providers who have treated these difficulties, the court believes that the Administrative Law Judge properly determined that plaintiff's nonexertional impairments are not so severe as to prevent performance of the simple, unskilled work roles for which she is otherwise physically capable. Thus, the court concludes that the Commissioner's final decision is supported by substantial evidence.

Ms. McGlothin has complained of severe and debilitating pain since at least 2003. For the most part, her treating physicians have been unable to detect any mechanical problems which could be expected to produce a disabling level of pain. However, during a period in which Ms. McGlothin was living in California, a chiropractor, Dr. Christopher Ferraro, produced physical findings and assessments indicating total disability for all forms of sustained work activity. In his work assessment produced on

July 3, 2009, Dr. Ferraro opined that Ms. McGlothin is able to sit and stand in a work environment no more than three hours in an eight hour day. (TR 423-24). However, the court notes that Dr. Ferraro's clinical findings do not include objective notations of musculoskeletal dysfunction or results from objective studies demonstrating severe mechanical deficiencies. It would seem that Dr. Ferraro based his work-related physical assessment on plaintiff's subjective symptoms. Even then, Dr. Ferraro's findings are not overly remarkable in terms of plaintiff's overall physical status. For example, on January 12, 2009, the last office visit documented by Dr. Ferraro prior to the submission of his work assessment, it was noted that "the patient considers herself to be in fair health" and that she "performs light exercise on a regular basis." (TR 428).

In questioning the vocational expert at the most recent administrative hearing, the Administrative Law Judge referenced a medical consultant report completed by Dr. Robert Stephenson on August 20, 2010. Dr. Stephenson completed a detailed clinical examination, including a range of motion study. Dr. Stephenson noted no unusual physical manifestations and no visible signs of inflammation or joint swelling. Dr. Stephenson obtained x-ray studies and reported results as follows:

> X-ray of lumbosacral spine were obtained today in AP and lateral views which show minimal-mild degenerative disk disease with a suggestion of early spurring of the lumbar spine although no significant spurring is noted. Overall disk spaces are well preserved and no significant evidence of advanced degeneration is noted. Overall alignment is normal. No fractures or acute changes are seen.

(TR 512). Dr. Stephenson listed overall impressions as follows:

> Impression is that of a 41-year-old woman with multiple somatic complaints best diagnosed as chronic pain syndrome. The claimant's subjective symptoms appear to significantly outweigh her subjective findings. The diagnosis of fibromyalgia was brought up on evaluation today but this examiner does not find that she meets the American College of Rheumatology criteria for fibromyalgia given her lack of trigger points on a reproducible basis.

> The claimant still has chronic obesity with likely chronic debilitation given her limited activity levels over the past seven years or so since she stopped working. A weight loss and exercise program is recommended in this regard. Cessation of smoking is also recommended as this would likely help her chronic pain and especially low back pain. The claimant gives a history of depression and anxiety which may be contributing to her ongoing issues of chronic pain and evaluation and possible treatment my [sic] a mental health profession [sic] in this regard is recommended. On evaluation today, however, the claimant does not exhibit any significant functional problems with regard to depression or anxiety. The claimant's remaining multiple medical problems including gastroesophageal reflux disease, migraine headaches and irritable bowel syndrome all appear to be relatively stable and controlled with current medications and treatment program.

(TR 512). Dr. Stephenson also completed a medical assessment of plaintiff's physical ability for work-related activities. Based on plaintiff's <u>subjective complaints</u>, the consultant produced findings which indicate that Ms. McGlothin is unable to work on a sustained basis. (TR 515-19). However, as noted above, Dr. Stephenson was unable to detect any physical causes of pain of such proportion.

The Administrative Law Judge stated that she gave little weight to the opinions rendered by Dr. Stephenson in his work-related medical assessment. However, the court believes that Dr. Stephenson's report is entitled to substantial weight, especially since it represents the most recent evaluation of Ms. McGlothin's physical condition. Furthermore, Dr. Stephenson's report is thorough, and addresses both objective and subjective factors in plaintiff's case. When asked to consider only objective findings, Dr. Stephenson's observations and impressions clearly do not support plaintiff's claim that she is so impaired as to prevent performance of any form of work. It is well settled that in order for pain to be disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. <u>Craig v. Chater</u>, 76 F.3d 585, 592-93 (4th Cir. 1996); <u>Foster v. Heckler,</u> 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, the court must conclude that plaintiff's evidence falls short in establishing the existence of a condition which could reasonably cause

6

the level of discomfort described by Ms. McGlothin in her testimony. Thus, the court concludes that the Commissioner's assessment of plaintiff's physical condition is supported by substantial evidence.

Ms. McGlothin's psychiatric, psychological, and personality impairments present a somewhat closer question. As noted above, plaintiff has been treated for depression, anxiety, personality problems, and post-traumatic stress over a period of several years. Several providers have also suggested the possibility of mild Asperger's Syndrome. While the court believes that the Administrative Law Judge has understated the extent of the longitudinal history of plaintiff's nonexertional problems, the court concludes that the evidence does not support the notion that these difficulties are so severe as to prevent performance of the sedentary work roles for which Ms. McGlothin is otherwise physically capable.

The simple fact is that no mental health specialist has suggested that plaintiff's emotional difficulties are so severe as to constitute or contribute to an overall disability. On at least two occasions, in June of 2008 and August of 2010, Ms. McGlothin's mental health service worker noted a GAF in the mid-60s.[1] (TR 407, 503). Furthermore, as noted by the Law Judge, Ms. McGlothin has no history of any regular psychiatric intervention. While she has definite symptoms of anxiety and depression, including agoraphobia, there is no indication that these difficulties are not subject to some measure of control. Even as it is, in assessing plaintiff's residual functional capacity, and in questioning the vocational expert, the Law Judge assumed that Ms. McGlothin is limited to simple, routine, repetitive, and unskilled tasks which do not require regular interaction with the general public, and do not involve

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score between 61 and 70 represents only some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well, with some meaningful interpersonal relationships. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

continuous production activity. (TR 693-94). In response to the hypothetical including these restrictions, the vocational expert identified several jobs in which plaintiff could be expected to perform. (TR 693-95). In short, the court believes that the Commissioner accounted for all of plaintiff's physical and emotional problems, including both her exertional and non-exertional pain, in assessing her capacity for alternate work activities. Given the vocational expert's responses to the hypothetical questions, it follows that the Commissioner's final decision is supported by substantial evidence.

In summary, the court has found substantial evidence supporting the Law Judge's resolution of the factual conflicts in this case. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Ms. McGlothin is free of pain, discomfort, depression, and anxiety. Indeed, the medical record confirms that plaintiff has suffered from a variety of physical and emotional conditions which can be expected to result in a wide range of adverse symptoms. However, it must again be noted that the vocational expert took all the work-related restrictions reasonably supported by the record into account in assessing plaintiff's capacity for alternate work activities. This is especially true, given the thoroughness of Dr. Stephenson's report and his determination that plaintiff's subjective limitations could not be linked to objective causes. As noted by the Administrative Law Judge, this does not appear to be a case in which the claimant has been treated for severe and intractable pain. Ms. McGlothin has not received typical pain treatment such as therapy, steroid injections, TENS unit, or intensive physical rehabilitation. Stated differently, there is every reason to believe that Ms. McGlothin could enjoy some relief from her pain through appropriate medical attention. It must be recognized that the inability to do work without

any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears that all of the subjective factors reasonably supported by the medical record have been considered in the adjudication of plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 5th day of July, 2013.

/s/ Glen Conrad
Chief United States District Judge